# Abstracts of Decisions of the Supreme Court rendered at the October Term, 1871.

---

## The Mansfield, Coldwater and Lake Michigan Railroad Company *vs.* Clark.

1. In condemning lands for railroad purposes, questions of title are not to be considered by the jury.

2. The report of the jury or commissioners must distinctly set forth the necessity of the taking, and they cannot properly make one which will warrant the taking of the land unless satisfied not only that the particular land is needed for the construction of the work, but also that the work itself is one of public importance.

3. The proper course when a jury is required of persons of a particular qualification is for the order to direct the summoning of such persons.

Appeal from Branch Circuit.

*Opinion by* Cooley, J.—This was an appeal from the finding of a jury in the matter of condemning land for railroad purposes.—The petition does not clearly show that Clark owned the premises in question. The jury appear not to have fully understood the matter, but inasmuch as Clark " claimed" to own this piece of land they assessed the damages they thought him entitled to; but whether they gave him the value of the land, or only the value of some doubtful claim, does not appear. It is not " claims" which are to be appropriated under the statute, but lands. A party might be seriously wronged if his freehold might be taken on an award of the jury of a mere nominal compensation because of their want of faith in the validity of his title. Questions of title are not to be determined by this jury, but may come up in a proceeding to settle the right of the money awarded.

*Held*, Also, that the verdict of the jury is defective in that it does not find the necessity for the taking of this property for the public use. What they say is that " it is necesssary that said real

estate and property should be taken for the purposes of said company." This is not the finding required by the constitution either in form or substance. The report of the jury or commissioners must distinctly set forth the necessity of the taking, and they cannot properly make one which will warrant the taking of the land unless satisfied not only that the particular land is needed for the construction of the work, but also that the work itself is one of public importance.

*Held further*, That the objection that the jurors are not affirmatively sworn to be freeholders is not well taken. No challenge was interposed, nor was there any showing that any of the jurors were disqualified. On the contrary the claimant expressed himself satisfied with the jury when they were impaneled. Had there been no appearance of the claimant, or no facts operating as a waiver, the case would have been different. The proper course when a jury is required of persons of a particular qualification is for the order to direct the summoning of such persons. This is only an ordinary application of the general and very first rule, that in proceedings to take the property of the citizen against his will, all the conditions to the taking which have been prescribed by the law must affirmatively appear to have existed.

The proceedings in this case being void they are set aside with costs.